UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ZOLO A. AZANIA,<br><br>Plaintiff,<br><br>v.<br><br>IOX REMPREX, INC., et al.,<br><br>Defendants. | Case No. 2:25-CV-383-GSL-AZ |

**OPINION AND ORDER**

In November 2025, this Court referred Defendants Teamsters Union Local No. 710 and Justin Vaughan's Motion to Dismiss, [DE 9], and Defendants Kaci Lipetzky and IOX Remprex, Inc.'s Motion to Dismiss, [DE 17], to Magistrate Judge Abizer Zanzi. [DE 15; DE 19]. In July 2026, Magistrate Judge Zanzi issued his report and recommendation for both motions. [DE 34]. For the reasons below, the Court ADOPTS the report and recommendation, [DE 34], over Plaintiff's objections and in its entirety, and this case is TRANSFERRED to the Northern District of Illinois.

*Background*

On August 20, 2025, Plaintiff filed his Complaint. [DE 1]. In it, Plaintiff alleged that the Union Defendants breached their duty of fair representation in the handling of his grievance. Specifically, Plaintiff alleged the Union Defendants: (1) had a private meeting with Defendant IOX Remprex that resulted in the reneging of his re-employment; (2) denied his request for evidence without explanation; (3) failed to give him a formal written decision from the grievance panel; (4) failed to identify the members of the grievance panel; and (5) undermined his grievance in retaliation for his complaints about the union. [*Id.* at ¶ 34]. As for the Remprex

Defendants, Plaintiff alleged they breached the CBA by firing him without just cause. [*Id.* at ¶¶ 37–40]. Finally, against all Defendants, Plaintiff brought a claim for "conspiracy to interfere with civil rights" under 42 U.S.C. § 1985. [*Id.* at ¶¶ 42-46]. He alleged that all Defendants conspired to deprive him of "the equal protection of the laws or of equal privileges and immunities under the laws" in retaliation for his vocal criticism of the union and the company. [*Id.* at ¶¶ 43–44]. Plaintiff alleged that as a result he lost employment, wages, and other benefits. [*Id.* at ¶¶ 35, 41].

*Legal Standard*

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022). *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). A district court judge may fulfill this obligation simply by "inform[ing] [this court] that he has conducted a *de novo* review." *Jones*, 22 F.4th at 679 (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

*Discussion*

Magistrate Judge Zanzi analyzed whether venue was proper in this Court under 28 U.S.C. §§ 1391(b)(1), (b)(2), and (b)(3), but found that none supported venue in this District. [DE 34,

Pages 8-10]. Instead, Magistrate Judge Zanzi found under 28 U.S.C. § 1391(b) the Northern District of Illinois was the proper venue because a substantial part of the events giving rise to the claim occurred there. [*Id.* at 10]. This left Magistrate Judge Zanzi with two options: to dismiss the case under Rule 12(b)(3) and 28 U.S.C. § 1406(a), or transfer the case to the Northern District of Illinois. [*Id.* at 11]. Magistrate Judge Zanzi chose the latter, finding that transfer is "ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating,'" and therefore, recommended transfer of this matter to the Northern District of Illinois. [*Id.* at 11 (citing *Timberlake-Campbell v. Momence Meadows Nursing & Rehab. Ctr.*, LLC, No. 24 CV 3322, 2024 WL 4625313, at *6 (N.D. Ill. Oct. 29, 2024) (citations omitted)]. Magistrate Judge Zanzi also declined to reach the Rule 12(b)(6) arguments, which would be more appropriately handled by the transferee court.

Plaintiff appears to advance two objections to the report and recommendation. First, Plaintiff argues that while 28 U.S.C. §§ 1391(b)(1), (b)(2), and (b)(3) govern venue, their application depends on the particular facts of each case, and that he did not waive his right to a *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). [DE 35, Page 1]. The Court agrees that 28 U.S.C. §§ 1391(b)(1), (b)(2), and (b)(3) and their application depend on the facts of each case, but after a review of the case and Magistrate Judge Zanzi's report and recommendation, finds that Magistrate Judge Zanzi appropriately applied those sections in coming to his conclusions.

Moving to Plaintiff's second objection, Plaintiff argues that "compelling a transfer on these material facts would reward forum shopping," undermine Fed. R. Civ. P. 1, and that "[Section] 1404(a) should not be used merely to shift the inconvenience from one party to

another." [*Id.* at 2]. Plaintiff further argues that transfer under the circumstances here would "unfairly reward Defendants' forum preference rather than serve the interests of justice." [*Id.*].

Plaintiff's argument that permitting transfer on these facts would reward forum shopping fails, because, as Magistrate Judge Zanzi's report and recommendation clearly lays out, venue is improper in this District under 28 U.S.C. §§ 1391(b)(1), (b)(2), and (b)(3). Compelling transfer is certainly more fair than dismissing this case outright, and, again, as discussed in Magistrate Judge Zanzi's report and recommendation, venue is proper in the Northern District of Illinois. Furthermore, Plaintiff's objections relating to Section 1404(a) are irrelevant, because Section 1404(a) is not the authority Magistrate Judge Zanzi used to support transfer. *See* [DE 34 at 11 ("…I recommend this case not be dismissed but be transferred to the Northern District of Illinois pursuant to § 1406(a).")].

*Conclusion*

The Court has conducted a *de novo* review and resolved each of Plaintiff's objections. For the foregoing reasons, the Court ADOPTS the report and recommendation, [DE 34], over Plaintiff's objections and in its entirety, and this case is TRANSFERRED to the Northern District of Illinois.

SO ORDERED.

ENTERED: August 19, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court